# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOSEPH KALIKU,**

    **Plaintiff,**

v.                                                  Civil Action No.: 3:16cv5
                                                                        (GROH)

**UNITED STATES OF AMERICA**

    **Defendant.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On January 7, 2016, the *pro se* Plaintiff, initiated this case by filing a complaint pursuant to the Federal Tort Claims Act ("FTCA") in the United States District Court for the Southern District of West Virginia. Because the complaint challenged events that occurred during the Plaintiff's confinement at FCI Gilmer, which is located in Glenville, West Virginia, the case was transferred to this Court on January 11, 2016. On February 22, 2016, the Plaintiff filed his complaint on the court-approved form. On March 7, 2016, the Plaintiff was granted leave to proceed *in forma pauperis*, and on April 4, 2016, the Plaintiff paid the required initial partial filing fee. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

### II. THE COMPLAINT

In his complaint, the Plaintiff alleges that on May 20, 2014, while working in the FCI-

Gilmore UNICOR, he was pushing a cart that held a six-con[1] fuel tank out of the paintbooth when he hit a hole inside the front entrance of the paintbooth. The Plaintiff alleges that when the cart hit the hole in the floor, it bumped and caused the fuel tank to slide over onto his right hand and trapped his thumb between the fuel tank and the cart. The Plaintiff claims that a hydraulic lift was used to lift the tank off his thumb. He was immediately taken to medical and from there to an emergency room at an outside hospital. The following day, the Plaintiff underwent surgery to repair the damage to his thumb. The Plaintiff alleges that he now suffers a lifelong injury "in more ways than one"[2] because of the gross negligence of employees at FCI Gilmer to provide a safe working environment as well as providing safe operating equipment. For relief, the Plaintiff asks that the court allow the "cause to proceed to trial to resolve this litigation." ECF No. 10 at 23.

The Plaintiff filed an Administrative Tort Claim seeking $250,000. The Plaintiff's claim was denied on July 9, 2015, and he subsequently filed this action within the six month statute of limitations.

## II. Standard of Review

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against

---

[1]The undersigned believes that the Plaintiff may mean a six container.

[2]The Plaintiff elaborates that his thumb is disfigured and he experiences emotional and mental difficulties in his recovery. He also alleges that he has lost all movement and use of his thumb because it is permanently damaged. ECF No. 10 at 23.

a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[3] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. ANALYSIS

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme through which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

The Inmate Accident Compensation Act ("IACA") provides an accident compensation procedure "for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). A work related injury is "defined to include any injury, including occupational disease

---

[3] Id. at 327.

3

or illness, proximately caused by the actual performance of the inmate's work assignment." 28 C.F.R. § 301.102(a). As the Fifth Circuit has held "....the cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job." Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. 1980) (per curiam).

The IACA, and the regulations promulgated thereunder, provide two types of compensation for a federal inmate who suffers a work-related injury or improper medical treatment of a work-related injury. The first type of compensation is available only when the inmate is ready to be released from prison and reenter the workforce. 28 C.F.R. §§ 301.101(a), 301– 319. If the inmate still suffers a residual impairment as a result of the work-related injury, then within forty-five days of his release date, he can submit a claim for compensation. Id. § 301.303(a). If, however, he has fully recovered from his injuries while incarcerated, he is not entitled to any compensation. Id. § 301.34(a). The second type of compensation is for wages the inmate actually loses while he is prevented from doing his work assignment due to his injury. Id. §§ 301.101(b), 301.201– 205.

The Supreme Court has long recognized the right of federal prisoners to recover damages against the United States under the FTCA for personal injuries sustained as the result of the negligence of a federal employee. See United States v. Muniz, 374 U.S. 150 (1963) (holding that a person can sue under the FTCA "for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee"). However, when a federal prisoner's injuries are work-related, the Supreme Court has held that the prisoner's exclusive remedy against the government is the IACA; he cannot sue the government under the FTCA. United States v. Demko, 385 U.S. 149, 152-54 (1966). Here, there is no question that the Plaintiff injuries were work-related. Accordingly, this Court does not have jurisdiction to entertain this action, and the

4

Plaintiff's complaint should be dismissed.

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the Plaintiff's complaint under the FTCA be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. It is further recommended that the Plaintiff's Motions to Appoint Counsel [ECF Nos. 19 & 22] be **DISMISSED AS MOOT**.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Croh, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: May 17, 2016.

*/s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE