# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JOSEPH KALIKU,**

    Plaintiff,

v.                                     **CIVIL ACTION NO.: 3:16-CV-5**
                                                    **(GROH)**

**UNITED STATES OF AMERICA,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") [ECF No. 23] issued by United States Magistrate Judge Robert W. Trumble on May 17, 2016. In the R&R, the magistrate judge recommends that the *pro se* Plaintiff's Complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680; 28 U.S.C. § 1346, be dismissed. Upon review, the Court **ADOPTS** the magistrate judge's R&R and **ORDERS** that the Complaint is **DISMISSED**.

Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for his preparation and submission of an R&R. Now, under 28 U.S.C. § 636(b), this Court is required to conduct a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Moreover, "[w]hen a party does

make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). Failure to file timely objections constitutes a waiver of de novo review and of a party's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). In this case, the Plaintiff timely filed his objections to the R&R, which were received by this Court on June 6, 2016. Accordingly, this matter is now ripe for review. Because the Plaintiff is proceeding *pro se*, the Court has afforded his filings liberal construction and will hold them to less stringent standards than pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

The Plaintiff claims that he was injured while working for UNICOR[1] during his incarceration at Federal Correctional Institution, Gilmer ("FCI Gilmer"), in Glenville, West Virginia. According to the Plaintiff, he was pushing a cart that held a heavy fuel tank when the cart hit a hole in the floor of a paint booth at FCI Gilmer. When the cart hit the hole, the fuel tank shifted, pinning the Plaintiff's right thumb between the fuel tank and the cart. The Plaintiff sustained significant injuries. He states that he has "lost all movement and use of his thumb," and further that he has suffered from "emotional and mental difficulties" during his recovery. The Plaintiff alleges that the hole in the floor was the product of negligence

---

[1] UNICOR is the trade name of Federal Prison Industries, Inc., which is "[a] government corporation organizationally within the Bureau of Prisons whose mission is to provide work simulation programs and training opportunities for inmates confined in Federal correctional facilities." 28 C.F.R. § 345.11(a).

on the part of federal employees.  Seeking to recover $250,000 in damages, the Plaintiff filed an administrative tort claim.  After that claim was denied, the Plaintiff filed the instant FTCA complaint with this Court.

The FTCA creates a limited waiver of the United States' sovereign immunity by permitting actions that seek damages for injuries caused by the tortious conduct of a federal employee, acting within the scope of his or her employment, when a private person would be liable for such conduct under state law.  See 28 U.S.C. § 1346(b)(1); Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001).  A separate statute, the Inmate Accident Compensation Act ("IACA"), provides a procedure for inmates to receive compensation "for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined."  18 U.S.C. § 4126(c)(4).  Because the IACA provides the exclusive remedy for federal prisoners seeking to recover damages for injuries sustained in work-related incidents, prisoners cannot recover for those injuries under the FTCA.  See Ezebuihe v. U.S. Dep't of Justice, No. 5:07CV75, 2008 WL 3850739, at *2 (N.D. W. Va. Aug. 15, 2008) (citing United States v. Demko, 385 U.S. 149 (1966)).  In this case, the magistrate judge found there to be "no question" that the Plaintiff's injuries were work-related.  Because the Plaintiff's FTCA complaint seeks damages for work-related injuries allegedly caused by the negligence of federal employees—injuries for which the IACA provides the exclusive remedy—the magistrate judge recommends that the Plaintiff's complaint be dismissed.

In his objections to the magistrate judge's recommendation, the Plaintiff argues for the first time that his injuries were *not* work-related.  This argument contradicts several statements found in the Plaintiff's complaint and in the documents attached thereto.

3

For example, in a Request for Administrative Remedy form signed by the Plaintiff on July 29, 2014, in the space provided after a prompt for details regarding his claim, the Plaintiff wrote: "*Injured at work* at FCI Gilmers UNICOR because of the negligence of the UNICOR staff . . . ." Compl. 10, ECF No. 10 (emphasis added). Likewise, in a "statement of facts" appended to the Plaintiff's FTCA complaint, the Plaintiff avers that "[o]n May 20th, 2014 *the plaintiff was working in the FCI-Gilmore's UNICOR* located in West Virginia, when the plaintiff was in the process of pushing a cart that held a six-con fuel tank out of the paintbooth when the cart hit a hole inside the front entrance of the paintbooth." Compl. 15 (emphasis added). Elsewhere in his objections, the Plaintiff raises arguments that seem to indicate his intention to convert his FTCA complaint into an Eighth Amendment claim, including allegations that the unsafe work environment at FCI Gilmer amounted to cruel and unusual punishment and that certain federal employees were deliberately indifferent to his safety.

The Plaintiff's objections do not provide a basis to reject the magistrate judge's recommendation. The Plaintiff's new, contradictory claims, raised for the first time in his objections to the R&R, are not entitled to full review—those claims should have been raised in an earlier pleading. See Samples v. Ballard, No. 2:14-CV-15413, 2016 WL 1271508, at *19-20 (S.D. W. Va. Mar. 31, 2016) (citing United States v. Humphreys, 194 F.3d 1306, *1 (4th Cir. 1999) (unpublished table decision); and discussing United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992)), appeal docketed, (4th Cir. May 31, 2016). The Plaintiff's claim that his injuries were not work-related is not only asserted for the first time in his objections to the R&R, it also contradicts the allegations in his complaint. Moreover, even if the Court were able to construe certain portions of the Plaintiff's complaint and his

4

objections as an attempt to mount an Eighth Amendment claim against individual federal officials—and were the Court to find that such a claim is not foreclosed by the IACA—the Court would still conclude that the Plaintiff has failed to allege sufficient facts in support of such a claim. See Ezebuihe, 2008 WL 3850739, at *2.

For the foregoing reasons, and otherwise finding no error in the magistrate judge's analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 23] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. The Plaintiff's Objections [ECF No. 25] are **OVERRULED**. The Court **ORDERS** that the Plaintiff's Complaint is hereby **DISMISSED**. The Plaintiff's requests for court-appointed counsel [ECF Nos. 19 and 22] are **DENIED**. This matter is **ORDERED STRICKEN** from the active docket of this Court. The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Defendant.

The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record and *pro se* parties herein.

**DATED**: July 19, 2016

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE